Joanna McCommiskey *vs.* Warren M. Greene, Town Treasurer of Coventry.

MAY 29, 1911.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *State Roads. Bridges. Duty of Town to Repair.*
The provisions of Pub. Laws, cap. 982, passed April 3, 1902, entitled "An act

to provide for the construction, improvement and maintenance of State Roads" (now Gen. Laws, 1909, cap. 84) does not empower the State Board of Public Roads to do any thing with regard to bridges, but their repair and construction remains with the towns, under the statute now reënacted as Gen. Laws, 1909, cap. 83.

TRESPASS ON THE CASE for negligence.    Heard on questions· certified by Superior Court.

PARKHURST, J.    This is an action brought by the said plaintiff against the defendant as town treasurer of the town of Coventry for injuries she alleges that she received on the second ·day of August, 1909, while she was driving in a carriage on the highway, passing in an easterly and westerly direction through the village of Coventry Centre and when crossing a stream flowing through said village, by means of a bridge; alleging that, while crossing said bridge, the horse broke through the same, on account of a defective plank in said bridge, causing her to be thrown from her seat and causing her severe injuries, etc.

The defendant pleaded the general issue and also a special plea in bar founded upon Public Laws of Rhode Island, Chapter 982, passed April 3, 1902; alleging that the bridge in question was part of a state road over which the town of Coventry had no control.    To the special plea in bar the plaintiff replied "that the aforesaid bridge upon which she was injured as alleged in her ·declaration, was not any part of a state highway as averred in the defendant's said special plea in bar;" and puts herself on the country.    To the replication the defendant joined issue.

The cause is now before this court to be heard upon certain questions of law certified by the Superior Court sitting in and for the county of Kent, it having been agreed between the parties that the highway described in the declaration, and called a "State Road," in the agreed statement of facts, passing through the village of Coventry Centre uses said bridge in crossing the south fork of Flat River and that "only by the use of the said bridge can travellers on said State Road passing in an easterly and westerly direction through Coventry Centre cross the said stream of water;" and that "the portion of said State Road which passes through said Coventry Centre including said

bridge was prior to its adoption as a State road, a public highway of said town of Coventry and had been such a highway for more than one hundred years."

The questions certified, as aforesaid, are:

"*First:* Is the said bridge located as aforesaid a part of the said State Road?

"*Second:* Is the town of Coventry under legal obligation to build or repair said bridge?"

The defendant's counsel earnestly contends that the bridge is a part of the State Road, and that the first question should be answered in the affirmative; and cites many authorities to the general principle that where a public highway passes over a bridge and the bridge must be used to make the highway available for travel, the bridge is a part of the highway. We have no doubt that the general principle as above stated is correct, and supported by abundant authority. But the question we are called upon to answer, depends upon the construction of Chapter 982 of the Public Laws, passed April 3, 1902, entitled "An Act to provide for the construction, improvement, and maintenance of State Roads" (now substantially re-enacted as Ch. 84, Gen. Laws, R. I. 1909). There is no question that, prior to the enactment of the said Chap. 982, the town of Coventry was liable to repair the bridge in question and for damages due to neglect to repair, under the provisions of law for many years in force and now reënacted in Chap. 83, Gen. Laws, R. I. 1909. It is to be noted that in the very first section of said Chap. 83, imposing upon towns the duty of repairing, etc., the first words used are "All highways, causeways and bridges" etc.; and the words "highways and bridges" are used in many of the succeeding sections, thus recognizing "highways" and "bridges" as subjects of separate and distinct consideration so far as repair is concerned, although they may be used as parts of the same highway in the general acceptation of that term, and subject to the same general obligations as to repair and liability for neglect.

(1)     In considering the construction of Chap. 982, above referred to, we find in the first place that the word "highways" is used

constantly throughout the act, and the word "bridges" does not appear at all. The state board of public roads created by the act is limited in its original functions to "making· such recommendations for relocating, regrading or improving the main highways of the state as it shall deem for the best interests of the entire state," etc., reporting with maps showing proposed changes, etc., and probable cost, etc., and is forbidden to do any work, other than preliminary surveys, until its report shall have been approved and money appropriated. By section 4 of said act, improvement of said highways is limited to a width of fourteen feet, and improvements of additional width desired by any town or city are to be paid for by such town or city. We do not find anywhere in the act any evidence of intention on the part of the General Assembly to empower the board to do anything whatever with regard to bridges, nor does it appear that the board has ever undertaken to take possession of or do any work on bridges, or made any recommendation regarding the same to the General Assembly; and we think that the provisions of section 4 above referred to limiting the improvement of highways at State expense to fourteen feet in width is quite inconsistent with any intention sought to be implied that the act is in any way to be considered as applying to bridges. The methods of bridge repair and construction differ so radically from those employed in ordinary highway work, that we feel., that it was the manifest intention of the General Assembly that the matter of repair and construction of bridges should not be. confided to the State Board of Public Roads, but should be left to the towns, as provided in Gen. Laws, 1909, Chap. 83, above referred to. We feel that it would be a forced and improper construction of Chap. 982, to hold that, by implication, bridges are to be included within its provisions, when the word "bridges," used in the general laws, is expressly omitted in Chap. 982.

For these reasons, we answer the first question submitted in the negative, and decide that the bridge in question in this case is no part of the State Road, so far as to make it obligatory upon the State to amend or repair it, thereby exonerating the town of Coventry for its statutory duty under Gen. Laws, 1909, Chap. 84.

For the reasons above stated, the second question submitted is answered in the affirmative.

The papers in the case will be remitted to the Superior Court within and for the county of Kent, with our determination of the questions so submitted to this court certified thereon.

*Quinn & Kernan,* for plaintiff.

*Ezra K. Parker,* for defendant.